# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

U. S. DIAMOND & GOLD, et al.,

        Plaintiffs,               :        Case No. 3:06-cv-371

                                     District Judge Thomas M. Rose
     -vs-                          Chief Magistrate Judge Michael R. Merz

                         :

JULIUS KLEIN DIAMONDS LLC, et al.,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

This case is before the Court on Plaintiffs' Motion to Compel (Doc. No. 73).[1] Plaintiffs seek to compel Defendant Julius Klein Diamonds, LLC, to respond further to Plaintiffs' June, 2007, interrogatories and document requests (Branch One). They also seek to compel an initial response to their November 30, 2007, Third Set of Interrogatories and Third Request for Production (Branch Two).

In the Preliminary Pretrial Conference Order in this case (Doc. No. 30), Judge Rose set a discovery cut-off of December 31, 2007. The Order provides in pertinent part

> There will be no continuation of discovery beyond the discovery cut-off date, absent express approval of the Court obtained upon showing of good cause.
>
> The discovery "cut-off" deadline means that ALL discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date. Purely as a hypothetical example, request for the production of documents, with a 28-day response time, must be served upon the

---

[1]Although the omnibus reference to the magistrate judge under 28 U.S.C. §636(b), made in the Preliminary Pretrial Conference Order (Doc. No. 30), expired with the discovery cut-off on December 31, 2007, the instant motion has been specially referred (Doc. No. 74).

> opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.
>
> Except for good cause shown, no extension of the discovery "cut-off" deadline will be allowed if such extension would impact adversely on the trial date set herein.

(PPTO, Doc. No. 30, at 4.)

This language is in the standard form of preliminary pretrial conference order adopted as an attachment to Dayton Location of Court General Order No. 1 (as amended eff. February 3, 2003)(available at www.ohsd.uscourts.gov).  General Order No. 1 also provides:

> A discovery cut-off date will be established, generally 90 to 120 days prior to trial.
>
> Parties who undertake to extend discovery beyond the cut-off date do so at the risk the Court may not permit its completion prior to trial. There will be no supervision or intervention by the Court, such as a ruling on a Fed. R. Civ. P. 37 request for sanctions, after the discovery cut-off date, without a showing of extreme circumstances. No trial setting will be vacated due to the failure to complete essential pretrial discovery, except under the most unusual of circumstances.

(General Order No. 1 at 5.)

Given these Orders for case management generally, and in this particular case, the Court concludes Branch One of the Motion to Compel is untimely.  The Motion recites that First Set of Interrogatories and First Request for Documents were served on June 1, 2007, and responded to on August 3, 2007.  Counsel exchanged correspondence on Plaintiffs' concern with the now-asserted deficiencies which was complete on September 14, 2007.  Plaintiffs' counsel then waited 108 days until the last day of the discovery period to file the instant Motion.

There will be occasions when a motion to compel filed at the very end of a discovery period will be ruled on by the Court.  For example, there may have been efforts up to the close of discovery to resolve disputes which have been mostly successful, but where an impasse is reached at the very end.  Another factor which would weigh in favor of allowing a late motion to compel would be if

the trial docket were uncrowded and discovery could be extended without threatening further docket congestion. Neither of these conditions obtains here. As of the end of November, 2007, Judge Rose had 264 pending civil cases, the third highest number in the District and only one less than the second highest. At the same time, Judge Rose had 91 pending criminal defendants, the second highest in the District. The Southern District of Ohio has for a number of years been ranked as one of the most congested district courts in the nation and Judge Rose's docket is at or near the top of the list on both the civil and criminal sides. Thus this Court is bound to insist on strict adherence to its docket management rules. Branch One of the Motion is thus denied.

Branch Two of the Motion seeks to compel Julius Klein Diamonds to respond to Plaintiff's Third Set of Interrogatories and Third Request for Production. Those Interrogatories and Request were served on Julius Klein at the earliest on November 30, 2007, when they were attached to Plaintiffs' Second Motion for Leave to Propound Excess Interrogatories (Doc. No. 63). November 30, 2007, was a Friday and the Motion was filed at 6:29 P.M., well after the close of business for the Court on that date. The Motion did not include any showing of compliance with S. D. Ohio Civ. R. 7.3. Nevertheless, the Court granted the Motion by notation order on its next business day, December 3, 2007.

Under Fed. R. Civ. P. 33(b), a party served with interrogatories is to respond within thirty days; a like period applies to requests for production under Fed. R. Civ. P. 34.[2] Under Fed. R. Civ. P. 6(d) and 5(b)(2), three days is added to the period whenever service is made by mail or by use of the Court's electronic filing system. Calculating a response date from November 30, 2007, responses would have been due January 2, 2008, after expiration of the discovery period. However, a good case could be made that the Defendant is not required to treat the interrogatories and requests

---

[2]Both of these Rules were amended effective December 1, 2007, but the amendments were intended to by stylistic and not to change the substance of the Rules. The thirty-day period for response appears in both the pre- and post-amendment versions.

as propounded until the Court granted leave to do so.  Under that calculation, the time period would

run until January 7, 2008, also outside the discovery period.  Because the time for response under

either calculation is beyond the discovery cut-off, Julius Klein Diamonds is not required to respond

and Branch Two of the Motion is denied.

January 7, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
