UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

U.S. DIAMOND & GOLD D/B/A
STAFFORD'S JEWELERS, et al.,

    Plaintiffs,

-v-

JULIUS KLEIN DIAMONDS LLC, et al.,

    Defendants.

Case No. C-3-06-371

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING JKD's MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF EDWARD PRIMEAU (Doc. #124); GRANTING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO MISDEMEANOR CONVICTIONS FOR DISORDERLY CONDUCT (Doc. #125); OVERRULING JKD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE GEMOLOGICAL INSTITUTE OF AMERICA (Doc. #126); GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE INCIDENT WITH PROCESS SERVER (Doc. #127); OVERRULING JKD'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY OF JOHN STAFFORD (Doc. # 128); OVERRULING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO JEWELERS MUTUAL INSURANCE COMPANY, PLAINTIFFS' CLAIMS AGAINST JEWELERS MUTUAL OR THE COURT'S JANUARY 28, 2008 ORDER GRANTING JEWELERS MUTUAL'S CROSS MOTION FOR SUMMARY JUDGMENT (Doc. #129); OVERRULING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER CASES OF MISSING, EMPTY OR TAMPERED-WITH PACKAGES MAILED THROUGH A COMMON CARRIER OR POSTAL SERVICE (Doc. #130); GRANTING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ROBERT SANDERSON (Doc. #131) AND OVERRULING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE JEFF DEINSTAG FROM TESTIFYING TO ANY NEW OR ADDITIONAL OPINIONS AT TRIAL (Doc. #132)**

---

    The Motions for Summary Judgment in this matter have been addressed by the Court.

(Doc. #112.) A jury trial is set to begin on November 3, 2008. There are now nine motions in

limine pending and ripe for decision. Six of the motions in limine were filed by the Plaintiffs, U.S. Diamond and Gold and John Stafford, and three were filed by the Defendant, Julius Klein Diamonds ("JKD").

The practice of ruling on motions in limine, although not specifically authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trail. *See Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in limine. *Koch v. Koch Industries, Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000). A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance*, 326 F. Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Cir. 2005). Each of the pending motions in limine will next be addressed keeping in mind

that the overruling of a motion in limine at this stage in the proceedings does not necessarily mean that the subject evidence will be admissible in the context of the trial.

### JKD's MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF EDWARD PRIMEAU (Doc. #124)

JKD argues that Edward Primeau ("Primeau"), Plaintiffs' video forensics expert, should not be permitted to testify regarding his examination of the digital video surveillance footage because he is not qualified by reason of knowledge, skill, training or education. According to JKD, Primeau has never testified as an expert witness in a case involving digital video recording, he has never taught a class involving digital video recording, he has never attended a class concerning digital video recording, he did not graduate from college, he is not a licensed electrical engineer and he has no scholarly publications.

The Plaintiffs respond that Primeau has over twenty years' experience working in the audio and video forensics field. As President of Primeau Productions, he has demonstrated experience in digital video and video forensics analysis. He has completed course work in forensics and has extensively studied digital video recording systems and protocols for digital video imaging. He has served as an audio visual expert for the Technical Advisory Service for Attorneys since 1996 and has provided audio and video forensic services for Dateline NBC. He is a member of numerous nationally and internationally recognized audio and video associations. He has published numerous articles regarding digital video recording and video forensics and he is a recognized speaker on video production, video compression, DVD authoring, and internet video compression. He is the author of two published books on video production. Finally, he has been retained as an expert in over one dozen civil and criminal cases and has been qualified to testify as an expert regarding video surveillance evidence.

The admissibility of expert witness testimony is governed by the requirements of Federal Rules of Evidence 104(a) and 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under these rules, an expert whose testimony is being offered must be qualified and testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case. *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000)(citing *Daubert*, 509 U.S. at 592 n.10).

To qualify as an expert, a witness must first establish his expertise by reference to knowledge, skill, experience, training or education. *Id.* at 577.  Further, the expert's expertise must relate to the subject matter of the proposed testimony. *Smelser v. Norfolk Southern Railway Co.*, 105 F.3d 299, 303 (6th Cir. 1997), *cert. denied*, 522 U.S. 817 (1997).

Finally, the expert testimony must be relevant. Fed. R. Evid. 401.The relevancy requirement ensures that there is a "fit" between the testimony and the issues to be resolved at trial. *Breiding v. Family Dollar Stores*, No. CS-01-248, 2002 WL 1584281 at * 3 (S.D. Ohio June 11, 2002).

In this case, a review of Primeau's alleged experience, training and skill indicates that he may be qualified to offer expert testimony at trial regarding the video surveillance evidence. Further, JKD will have the opportunity to cross-examine Primeau regarding his qualifications and presumably the jury will be properly instructed to determine for itself the weight and credibility to be given to Primeau's testimony.

Therefore, JKD has not shown at this time that Primeau's testimony is clearly inadmissible. JKD's Motion In Limine to exclude Primeau's expert testimony (Doc. #124) is OVERRULED.

JKD also argues that Primeau's computer-generated still images are of poor quality and should not be admitted into evidence. The Plaintiffs respond that the video images presented in court will be of better quality than those already presented. The Court will determine the admissibility of any computer images that may be presented at trial and, if admitted, the jury can determine the credibility and the weight to afford those images.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO MISDEMEANOR CONVICTIONS FOR DISORDERLY CONDUCT (Doc. #125)**

The Plaintiffs argue that any reference at trial of any sort pertaining to: John Stafford's 1984 misdemeanor conviction for disorderly conduct in Greene County, Ohio; John Stafford's 2001 misdemeanor conviction of disorderly conduct; John Stafford's civil lawsuit captioned *John M. Stafford, et al. v. Aces & Eights Harley Davidson, LLC*, Case No. CA2005-06-070 and any other alleged criminal conviction should be barred from trial. JKD responds that Stafford's past history of testifying dishonestly under oath is relevant in these proceedings because Stafford's claims in this case are based upon Stafford's credibility.

The Plaintiffs assert that Stafford's past criminal convictions are inadmissible pursuant to Federal Rule of Evidence 609(a)(1) and (2). Rule 609(a)(1) provides, in relevant part, that evidence that a witness has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year. Rule 609(a)(2) provides that evidence that a witness has been convicted of a crime is admissible regardless of the punishment if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

In this case, the misdemeanors of which Stafford was convicted are not punishable by death or imprisonment in excess of one year. Also, JKD has not shown that the elements of the

crime of disorderly conduct require proof or admission of an act of dishonesty or false statement. Therefore, Rule 609 bars introduction of evidence that Stafford has twice been convicted of disorderly conduct.

In an attempt to use evidence of Stafford's convictions, JKD argues that Stafford's past conduct exhibits a propensity for untruthfulness. In support of this argument, JKD asserts that Stafford made untruthful statements during the course of the misdemeanor proceedings. This is because, according to JKD, the jury in both cases found Stafford guilty and the appeals courts upheld the jury's findings. However, JKD cites no law, nor is the Court aware of any law, that would render evidence of Stafford's misdemeanor convictions admissible because of what a jury may have determined in those cases.

Turning next to his civil lawsuit, Stafford and members of his family brought suit against Aces & Eights Harley-Davidson and several of its employees alleging battery and intentional infliction of emotional distress. *John M. Stafford v. Aces & Eights Harley-Davidson*, LLC, No. CA2005-06-070, 2006 Ohio App. LEXIS 1636 at *1 (Ohio Ct. App. Apr. 10, 2006). A jury found in favor of Stafford's son on his battery claim but found for the defendants on all other claims. *Id.* The jury also found that the Staffords were not entitled to punitive damages. *Id.*

Plaintiffs argue that evidence of this lawsuit does not make the existence of any fact that is of consequence to the determination of this case any more or less probative that it would be without the evidence of this civil lawsuit. Introduction of this evidence would also, according to Plaintiffs, lead to unfair prejudice, unnecessary delay, confusion of the issues and waste of judicial resources. Finally, Plaintiffs argue that Rule 609 bars evidence of Stafford's civil lawsuit.

Clearly, Rule 609 does not bar evidence of a civil lawsuit. However, JKD's only argument for admitting evidence of Stafford's lawsuit is that the jury in that lawsuit allegedly chose not to give Stafford any credibility.

Stafford's credibility is at issue in this case. However, the Federal Rules of Evidence limit the admissibility of character evidence of a witness. *See i.e.* Fed. R. Evid. 404, 608. For example, "specific instances of conduct of a witness for the purpose of attacking or supporting the witness' character for truthfulness… may not be proved by extrinsic evidence." Fed. R. Evid. 609(b). Specific instances of conduct may, however, "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness concerning the witness' character for truthfulness or untruthfulness…." Id.

The relevance of the civil lawsuit is questionable and may depend upon specifically what evidence regarding the civil lawsuit is attempted to be introduced within the context of the trial. Therefore, the Court is not, at this time, convinced that evidence regarding the civil lawsuit is clearly inadmissible.

Finally, as to the inadmissibility of "any other alleged criminal convictions," none have been identified. Therefore, none are in front of this Court for consideration.

Plaintiffs have shown at this time that evidence of Stafford's two prior misdemeanor convictions is clearly inadmissible. However, Plaintiffs have not shown that evidence regarding Stafford's prior civil lawsuit is clearly inadmissible. Therefore, Plaintiffs' Motion In Limine to exclude evidence of Stafford's two prior misdemeanor convictions and a prior civil lawsuit that he brought is OVERRULED IN PART and GRANTED IN PART. No opinion is offered with regard to the admissibility of "any other alleged criminal convictions."

**JKD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE GEMOLOGICAL INSTITUTE OF AMERICA (Doc. #126)**

JKD argues that any attempt by Plaintiffs to introduce evidence or refer, in any way, to the relationship between JKD and the Gemological Institute of America (the "GIA") should be barred. JKD argues that this evidence should be barred because it is irrelevant and unfairly prejudicial, there is a potential that it will mislead and confuse the jury and because it is inadmissible hearsay. Plaintiffs respond that evidence of JKD's discussion and agreement with Plaintiffs to have the Pink Diamond certified, the custom and practice within the diamond industry to have colored stones "certed" prior to purchase, whether JKD had laboratory privileges with the GIA to have the Pink Diamond examined and certified is relevant and necessary information for the jury. Plaintiffs also argue, for the first time, that whether JKD had certification privileges with the GIA in February of 2006 is relevant to their theft claim.

The Court has previously issued two orders regarding certification and the GIA. On March 29, 2007, the Court struck paragraphs 4 and 13 of Plaintiffs' Complaint. Paragraph 4 contained allegations of a "bribe-for-cert scandal that involved the GIA and certain DTC "sightholders" of which JKD is one. Paragraph 13 contained allegations of certain actions taken by Stafford when he heard of the alleged scandal. The paragraphs were struck because Plaintiffs have not shown a relationship between their claims of wrongdoing and the alleged scandal and because these allegations are highly prejudicial to JKD.

On July 29, 2008, this Court declined to grant Plaintiffs permission to reopen discovery for the limited purpose of deposing the GIA. The Plaintiffs wished to explore whether JKD had GIA privileges to obtain a certificate for the Pink Diamond. Plaintiffs argued that whether JKD had GIA privileges was relevant to whether JKD could have fulfilled its contract with Plaintiffs

regarding certification or purchase of the Pink Diamond. Further, in their Reply memorandum, Plaintiffs argued for the first time that whether JKD had GIA privileges is relevant to their negligence, unjust enrichment, conversion and fraud claims. The Court determined that Plaintiffs did not show that the requested discovery was relevant to any of the remaining issues in this case.

Undaunted and in response to JKD's Motion In Limine, Plaintiffs now argue for the first time that whether JKD had GIA privileges is relevant to their theft claim. This is the only remaining claim that Plaintiffs have not attempted to use to show relevancy other than their replevin claim.

Plaintiffs now argue that whether JKD had GIA privileges is relevant to showing that JKD made false representations and the making of false representations is evidence of intent to commit theft by deception. However, Plaintiffs have not identified an alleged misrepresentation regarding the GIA because they have not identified evidence that JKD represented to Stafford that JKD had GIA privileges. Further, if there is evidence of misrepresentations regarding certification of the Pink Diamond, there are other entities allegedly capable of certification and Plaintiffs have not shown or even argued that JKD did not have privileges at these other entities.[1] The Court continues to fail to see why whether JKD had GIA privileges at a certain specified time is relevant to any of Plaintiffs' claims.

That having been said, there is some indication in the proposed Amended Final Pretrial

---

[1] Stafford himself testifies that he uses the EGL laboratory in New York, PGS out of Chicago, the GIA laboratory, a laboratory in Carlsbad and that he is able to certify his own diamonds. Stafford further testifies that the AGS, EGL and GIA laboratories can identify whether a stone has been high-pressure-high-temperature treated to change its color.

Order that JKD may place GIA certification directly at issue at trial. Therefore, this Court will restrain from barring evidence of or reference to the relationship between JKD and the GIA at this time. The Court will be better situated during the actual trial to assess the value and utility of this evidence.

JKD has not shown that evidence of the relationship between JKD and the GIA is clearly inadmissible. JKD's Motion In Limine To Exclude Evidence Related To the Gemological Institute of America (Doc. #126) is OVERRULED.

### PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE INCIDENT WITH PROCESS SERVER (Doc. #127)

Plaintiffs move to bar any statements, testimony, or reference of any sort that relates, refers or pertains to an incident with a process server on May 28, 2008. On that date, a process server attempted to serve Mrs. Stafford regarding another matter when she and Stafford were exiting their vehicle in their driveway. Stafford pulled his gun and ordered the process server to the ground. Ultimately Stafford ordered the process server to leave his property. Both parties then notified the police. Stafford allegedly arranged for the process server to serve Mrs. Stafford the next day.

Plaintiffs argue that this incident with the process server is irrelevant and inadmissible. Further, JKD does not oppose this motion.

The Court has been given no reason as to why evidence of this incident is relevant. Therefore, Plaintiffs' Motion In Limine To Exclude Evidence Related To Incident With Process Server (Doc. #127) is GRANTED.

### JKD'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY OF JOHN STAFFORD (Doc. # 128)

Stafford is expected to offer expert testimony on the alleged value of the Pink Diamond. JKD argues that Stafford's expert opinion testimony should be precluded because he is not qualified regarding the subject matter of his testimony; because his testimony is not based upon reliable, scientific, technical or other specialized information and because he has admitted that he is unable to provide a qualified opinion on the subject of his offered testimony. Plaintiffs respond that Stafford is "eminently" qualified to testify as to the value of the Pink Diamond.

The requirements for the admissibility of expert testimony are set forth above and need not be repeated here. Stafford is qualified to testify as an expert on the value of the Pink Diamond due to his alleged knowledge, skill, and experience. He is the President and CEO of U.S. Diamond and Gold, an international seller of diamonds and jewelry. He is responsible for purchasing the diamonds sold by U.S. Diamond and Gold and he buys and sells diamonds. He has over twenty years of experience in evaluation, valuing, buying and selling diamonds.

Further, Stafford was timely disclosed as an expert witness and an expert report was submitted. In addition, JKD deposed Stafford for approximately seven hours at which time he answered every question asked of him, including those related to his expert qualifications, methodology and opinions.

JKD now argues that Stafford does not have the required qualifications to value the Pink Diamond, that his opinions are not supported by any principles and methods and that his opinions are speculative. However, Stafford's knowledge, skill and experience qualify him as an expert and JKD will again have the opportunity, pursuant to cross-examination, to examine Stafford regarding his qualifications, methodology and opinions, and presumably the jury will be properly instructed to determine for itself the weight and credibility to be given to Stafford's

testimony.

JKD has not shown that Stafford is not qualified to testify as an expert witness on the value of the Pink Diamond. JKD's Motion In Limine To Exclude Expert Opinion Testimony of John Stafford (Doc. #128) is OVERRULED.

### PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO JEWELERS MUTUAL INSURANCE COMPANY, PLAINTIFFS' CLAIMS AGAINST JEWELERS MUTUAL OR THE COURT'S JANUARY 28, 2008 ORDER GRANTING JEWELERS MUTUAL'S CROSS MOTION FOR SUMMARY JUDGMENT (Doc. #129)

Plaintiffs argue that any statement, testimony, or reference of any sort that relates, refers or pertains to Jewelers Mutual Insurance Company ("Jewelers Mutual"), Plaintiffs' claims against Jewelers Mutual or the Court's January 28, 2008 Entry and Order Granting Jewelers Mutual's Cross Motion for Summary Judgment should be barred. When Jewelers Mutual did not honor Plaintiffs' claim for the loss of the Pink Diamond, Plaintiffs sued Jewelers Mutual. On January 28, 2008, this Court granted Jewelers Mutual's Motion for Summary Judgment and overruled Plaintiffs Motion for Summary Judgment. (Doc. #182.) The Court's decision was based upon Plaintiffs' failure to comply with records clause in Jewelers Mutual's policy. Plaintiffs now argue that this Court's holding regarding the cross-motions for summary judgment and any claims that Plaintiffs had against Jewelers Mutual are irrelevant to their claims against JKD, are unduly prejudicial to Plaintiffs and will create confusion if discussed in the trial of their claims against JKD.

JKD responds that evidence of Plaintiffs' claim against Jewelers Mutual is relevant to show that Plaintiffs failed to add the Pink Diamond to their insurance policy, failed to assign the Pink Diamond a number in their inventory and failed to produce any other records regarding the Pink Diamond. Further, JKD's counterclaim against Plaintiffs alleges that Plaintiffs' claim

regarding the Pink Diamond is based upon a pattern of conduct which involves scamming shipping carriers and insurance companies by alleging lost shipments pursuant to an insurance fraud scheme.

As this Court has once said, each of Plaintiffs remaining claims against JKD essentially turns on evidence that the Pink Diamond existed, that it was in the package received by JKD in New York and that the Pink Diamond was not returned to Plaintiffs. Therefore, Plaintiffs recording keeping regarding the Pink Diamond is relevant to one of the keys of this case, whether the Pink Diamond existed. However, evidence of the adjudication of Plaintiffs' claims against Jewelers Mutual is more than evidence of Plaintiffs' recordkeeping.

JKD has alleged that Plaintiffs made false representations to JKD as part of an insurance fraud scheme with the intent of deceiving and defrauding JKD, Jewelers Mutual and Brink's. The scheme allegedly includes over 8 UPS losses in approximately two years, another loss where Stafford apparently "threw out" jewelry contained in a package and another loss involving an untampered shipment which was allegedly empty when opened by Stafford. Evidence of Plaintiffs' claims against Jewelers Mutual is allegedly evidence of one activity in the insurance fraud scheme and relative to JKD's counterclaim and defenses to Plaintiffs' claims.

The admissibility of evidence regarding Jewelers Mutual in this case as part of an insurance fraud scheme beyond the involvement of JKD is reserved for another motion in limine. However, evidence of the involvement of Jewelers Mutual in this case is relevant to JKD's Counterclaim and defenses to Plaintiffs' claims.

Therefore, Plaintiffs have not shown that evidence related to Jewelers Mutual, Plaintiffs' claims against Jewelers Mutual or the Court's January 28, 2008 Entry and Order granting

Jewelers Mutual's Motion for Summary Judgment is not admissible. Further Plaintiffs have not shown that the prejudice to the admission of evidence regarding Jewelers Mutual will substantially outweigh its probative value. Plaintiffs' Motion In Limine To Exclude Evidence Related To Jewelers Mutual Insurance Company, Plaintiffs' Claims Against Jewelers Mutual or the Court's January 29, 2008 Order Granting Jewelers Mutual's Cross Motion for Summary Judgment (Doc. #129) is OVERRULED.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER CASES OF MISSING, EMPTY OR TAMPERED-WITH PACKAGES MAILED THROUGH A COMMON CARRIER OR POSTAL SERVICE (Doc. #130)**

Plaintiffs argue that any evidence that relates, refers or pertains to any other situations involving Plaintiffs and missing, empty or tampered-with packages that were mailed through United Parcel Service ("UPS"), Federal Express or other common carriers or postal services should be barred. The Plaintiffs then described six instances where they allegedly were never accused of any wrongdoing. This evidence, according to the Plaintiffs, is therefore, irrelevant. Further, if it were relevant, it could not be introduced under the character rules of evidence

JKD argues that past evidence of lost shipments and Plaintiffs' loss ratio is relevant to their defense that Plaintiffs' motive and intent was to pull off another insurance/shipping carrier scam, that Plaintiffs have planned and prepared such scams in the past, that Plaintiffs have knowledge from the past schemes and that Plaintiffs took the opportunity to make easy money by submitting another false claim. In other words, JKD wishes to introduce this evidence to show Plaintiffs' motive, intent, plan, preparation, opportunity and knowledge.

Fed. R. Evid. 404(b) permits the introduction of evidence of other wrongs or acts to prove motive, opportunity, intent, preparation, plan and knowledge. The Sixth Circuit has set

forth a three-part test that a district court is to use to determine whether evidence is admissible pursuant to Fed. R. Evid. 404(b): whether the "other acts" actually occurred; whether the evidence of the "other acts" is admissible for a proper purpose under Rule 404(b) and whether the probative value of the "other acts" evidence does not substantially outweigh its unfairly prejudicial effect. *U.S. v. White*, 110 F. Supp.2d 641, 645-46 (S.D. Ohio 1999)(citing *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996)).

The proponent of the evidence must first show that the "other acts" occurred. The proponent must offer proof sufficient to allow this Court to find that the jury could reasonably conclude that the wrong act occurred and that the party objecting to the evidence was the actor. *United States v. Matthews*, 440 F.3d 818, 828 (6th Cir. 2006), *cert. denied*, 547 U.S. 1186 (2006).

In this case, JKD wishes to introduce evidence of other fraudulent schemes to show that Stafford had the motive, opportunity, intent, preparation, plan and knowledge to commit a fraudulent scheme in this case. In support of the existence of other fraudulent schemes, JKD points to an email showing that a package had been tampered with and a final report from an insurance carrier that indicates that Stafford had not been clear on what happened throughout the insurance carrier's investigation. However, while suggestive, this evidence does not reach the level of being evidence of a fraudulent scheme. The most that JKD has argued is that Stafford has been <u>accused</u> of wrongdoing in the past. Thus, JKD has not shown that any "other acts" actually occurred and the first element of the test for admissibility of "other acts" evidence has not yet been satisfied. The Court need not now address the remaining two elements.

Whether some or all of this evidence is admissible as "other acts" evidence or for some

other purpose may not become apparent to the Court until during the trial. Further, for now, Plaintiffs have not shown that this evidence is clearly inadmissible. Therefore, Plaintiffs' Motion In Limine To Exclude Evidence of Other Cases of Missing, Empty or Tampered-With Packages Mailed Through a Common Carrier Or Postal Service (Doc. #130 is OVERRULED.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ROBERT SANDERSON (Doc. #131)**

Plaintiffs argue that any statement, testimony, or reference of any sort that relates to expert opinions of Robert Sanderson or his involvement with this case should be barred. Their basis for this argument is that, on January 24, 2008, this Court found that the expert report prepared by Sanderson did not comply with the Federal Rules of Civil Procedure and that expert witnesses who do not furnish timely and complete reports will not be permitted to testify. (Doc. #81.) Sanderson was timely identified as an expert witness but did not furnish a satisfactory report on time.

JKD responds that Sanderson should be permitted to testify as a lay witness because he has first hand knowledge of JKD's surveillance system. However, while Sanderson's name appears on JKD's Expert Witness List (Doc. #61), it does not appear on JKD's lay witness list. (Doc. #53.) Further, Sanderson's name does not appear on JKD's lay witness list included with the proposed amended final pretrial order. (Doc. #165.) In accordance with this Court's General Order No. 1, ¶ I.B.3., lay witnesses who are not timely identified will not be permitted to testify.

JKD also responds that Sanderson should be permitted to testify as an expert to rebut new expert opinions offered by Plaintiffs. This Court has already determined that when a party raises new issues, the defending party is to be given the opportunity to respond to them. *See Owensby v. City of Cincinnati*, No. 1:01-CV-769, 2004 WL 3514594 at *1 (S.D. Ohio Apr. 7, 2004).

Therefore, Sanderson will be permitted to testify to new expert opinions offered by Plaintiffs that were not offered in their original expert reports.

Plaintiffs' Motion In Limine To Exclude Robert Sanderson (Doc. #131) is GRANTED IN PART and OVERRULED IN PART. Sanderson will not be permitted to testify as a lay witness or an expert witness. He will, however, be permitted to testify to any new expert opinions offered by Plaintiffs that were not offered in their original expert reports.

### PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE JEFF DEINSTAG FROM TESTIFYING TO ANY NEW OR ADDITIONAL OPINIONS AT TRIAL (Doc. #132)

Plaintiffs argue that JKD should be barred from introducing any new or additional expert opinions from Mr. Jeff Deinstag ("Deinstag") at trial. Plaintiffs wish to exclude any new or additional opinions from Deinstag that have not been previously disclosed to Plaintiffs in his produced report. JKD responds that Deinstag is not limited to simply reading his expert report at trial.

An expert is not limited to simply reading his report at trial. *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). The expert may supplement, elaborate upon, explain and subject himself or herself to cross-examination upon his or her report. *Id.*

Therefore, while Deinstag may not offer any new expert opinions (Fed. R. Civ. P. 26(a)(2)(B)) he is not limited to reading his expert report at trial. He may supplement, explain and elaborate on the report that he has submitted. He, of course, may be subject to cross examination.

JKD further argues that Plaintiffs' motion is premature because Deinstag will not be in the United States and will be unavailable for examination at trial. His testimony, according to JKD, will be preserved via videotape and the Court will be ruling on all motions and objections

to Deinstag's testimony prior to trial. However, the amended proposed final pretrial order submitted by the Parties does not identify Deinstag as a witness whose testimony will be offered by deposition/videotape.

The manner in which Deinstag's expert testimony will be offered, if at all, is unclear at this time. With the general understanding that Deinstag may not offer any new expert opinions beyond those offered in his expert report, the Court will refrain from making additional evidentiary rulings regarding Deinstag's testimony until the trial. With this understanding, Plaintiffs' Motion In Limine To Exclude Jeff Deinstag from Testifying To any New Or Additional Opinions At Trial (Doc. #132) is OVERRULED at this time.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth day of August, 2008.

                                                **s/Thomas M. Rose**
                                                _____
                                                THOMAS M. ROSE
                                                UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record